UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY ANDREW MOORE,<br><br>    Plaintiff,<br><br>    v.<br><br>S. HATTON,<br><br>    Defendant. | Case No. 16-cv-06894-JSC<br><br>**ORDER OF DISMISSAL** |

**INTRODUCTION**

Plaintiff, an inmate at the California Treatment Facility ("CTF") in Soledad, California, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against officials at CTF.[1] He complained that he was notified that a laptop computer that may have included Plaintiff's health information was stolen from the car of a prison health care worker. The information on the computer was protected by a password but not encrypted. Because the complaint only asserted violations of state law, it was dismissed with leave to file an amended complaint asserting a violation of federal law. Plaintiff has filed an amended complaint. For the reasons discussed below, it is DISMISSED for failing to state a cognizable basis for relief.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.*

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 1 at 4.)

§ 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

The amended complaint claims that the potential exposure of Plaintiff's medical information violated his Eighth Amendment right to be free from cruel and unusual punishment. The Eighth Amendment requires that prison officials provide prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). There are no cases holding that a prisoner's personal medical information is a basic life necessity protected by the Eighth Amendment, or that the Eighth Amendment requires prison officials to secure such information. Plaintiff also does not explain how the potential exposure of his personal medical history has caused him to receive inadequate medical care or be deprived of any of the other basic life necessities protected by the Eighth Amendment.

The Court further notes that a violation of Plaintiff's health privacy does not on its own

entitle him to relief under federal law. The Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191, 110 Stat. 1936 (codified as amended in scattered sections of 42 U.S.C.) "provides for no private right of action." *Webb v. Smart Document Solutions*, 499 F.3d 1078, 1080 (9th Cir. 2007); *see, e.g., Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010) (citing *Webb* and dismissing prisoner's claim under HIPAA for disclosure of his medical records). Furthermore, any assertion that the laptop theft violated his constitutionally-protected privacy rights fails to state a claim because "prisoners do not have a constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them." *Seaton*, 610 F.3d at 534. The complaint was dismissed with leave to amend to assert a cognizable claim under federal law, which Plaintiff has failed to do. Further leave to amend would be futile; therefore, and this case must be dismissed.

## CONCLUSION

For the foregoing reasons, this case is DISMISSED for failure to state a cognizable claim for relief. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: August 25, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge